UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌──────────────────────────────────────────────────┐
│ MARIA PAREDES,                                     │
│                                                    │
│                              Plaintiff,            │
│                    -v-                             │
│                                                    │
│ ARAMARK MANAGEMENT SERVICES LIMITED                │
│ PARTNERSHIP,                                       │
│                                                    │
│                              Defendant.            │
└──────────────────────────────────────────────────┘
```

21 Civ. 2816 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This is a slip-and-fall case brought by Maria Paredes ("Paredes") against defendant Aramark Management Services Limited Partnership ("Aramark"), who removed the action from New York Supreme Court in the Bronx to this Court. Aramark seeks to implead Fresh Direct, LLC ("Fresh Direct"), to bring against it claims of common law and contractual indemnification and contribution. Aramark asserts that Fresh Direct was Paredes's employer and the owner of the property where Parades was allegedly injured, and Aramark's intended claims against it arise out of the same facts and circumstances underlying Paredes's action against Aramark. Dkt. 15.

Federal Rule of Civil Procedure 14(a) permits defending parties to implead a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." Its goal is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claims." *McLaughlin v. Biasucci*, 688 F. Supp. 965, 967 (S.D.N.Y. 1988). Leave to implead a third party "should be freely granted to promote this efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would

foster an obviously unmeritorious claim." *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y. 1984).

Here, it would be in the interest of judicial economy to include Fresh Direct in this litigation. Fresh Direct's presence would not prejudice any party, as discovery has not commenced—and indeed discovery will likely be aided with Fresh Direct's participation in the action. Moreover, including Fresh Direct in this action would avoid the possibility of inconsistent results that could arise if Aramark were to pursue its claims—which do not appear on their face to be "obviously unmeritorious"—against Fresh Direct separately.

That said, a potential jurisdiction problem could preclude the Court from adjudicating Aramark's claims against Fresh Direct. By statute, "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). The Court has jurisdiction of the underlying action (between Paredes and Aramark) by reason of diversity of citizenship, 28 U.S.C. § 1332. Aramark's intended common law and contractual claims against Fresh Direct arise solely out of state law—meaning that the Court would have to exercise supplemental jurisdiction over them to adjudicate the matter. Under 28 U.S.C. § 1367(b), the Court may do so only if Aramark's action against Fresh Direct meets the requirements of 28 U.S.C. § 1332. That statute requires, in relevant part, complete diversity of citizenship between parties.

It is unclear whether Aramark and Fresh Direct are completely diverse. If Fresh Direct, LLC is, indeed, a limited liability company, as its name would imply, then the third-party

2

complaint against it must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.  The proposed third-party complaint Aramark has submitted does not so specify.  *See* Dkt. 12-6.  By October 22, 2021, Aramark shall submit a proposed third-party complaint alleging the citizenship of each constituent person or entity.  *See Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").  If, by the foregoing date, Aramark is unable to submit a proposed third-party complaint truthfully alleging complete diversity based upon the citizenship of each constituent person or entity of the LLC, then it will not be granted leave to file a third-party action against Fresh Direct.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 12, 2021
       New York, New York